IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HERIBERTO MARIN-HIPOLITO, | § | |
| Reg. No. 01811-180, | § | |
|     Movant, | § | |
| | § | EP-11-CV-0314-FM |
| v. | § | EP-99-CR-1338-FM-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Heriberto Marin-Hipolito ("Marin"), a *pro se* federal prisoner, filed what he described as a "notice of appeal to vacate a sentence or resentence" ("notice") [ECF No. 79].[1] Therein, Marin challenged the sixty-three month sentence, imposed by the Court in EP-99-CR-1338-FM-1, after he pleaded guilty, pursuant to a plea agreement, to possessing with the intent to distribute one hundred kilograms or more of marijuana. Marin alleged "the sentence imposed was in excess [of the sentence] authorized by law."[2]

Due to the nature of the claim, the Court construed Marin's notice as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The Court also noted Local Court Rule CV-3(b) required, in pertinent part, that § 2255 motions "shall be on forms supplied by the Court."[3] Since Marin had submitted his notice on plain paper, the Court determined Marin had

---

[1] "ECF No." in this context refers to the electronic case filing number for documents docketed in EP-99-CR-1338-FM-1.

[2] Notice 2.

[3] *See* W.D. TEX. CIV. R. 3(b) ("Petitions for writ of habeas corpus and motions filed pursuant to 28 U.S.C. § 2255 by persons in custody shall be in writing, signed and verified. Such petitions and motions shall be on forms supplied by the Court and an original and two copies must be filed with the Clerk of the District Court for the Western District of Texas in the proper division."); *see also* 28 U.S.C. § 2255 PROC. R. 2(c) ("**Standard Form.** The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").

not substantially complied with Local Court Rule CV-3(b). The Court, therefore, entered an order [ECF No. 80] permitting Marin to cure the deficiency by properly completing the form and filing an original and two copies with the District Clerk.

Marin then filed a motion [ECF No. 84] indicating he wanted the Court to dismiss his earlier pleading.

> Heriberto Marin-Hipolito . . . hereby respectfully requests this Honorable Court to dismiss his previous filing titled "NOTICE OF APPEAL TO VACATE SENTENCE OR RESENTENCE." Petitioner recognizes that this was not the proper vehicle to address this Court. Petitioner recognizes that a 28 U.S.C. § 2255 motion is the proper vehicle. Petitioner, further understands that he has a period of one year from the day his previous appeal was denied by the Court of Appeals for the Fifth Circuit, which was on June 24, 2011. Petitioner now respectfully asks this Court to dismiss his previous filing without prejudice so that [P]etitioner can now use this time for research purposes.

The rules governing § 2255 proceedings do not provide specific procedures for a movant to voluntarily withdraw a § 2255 motion. Rule 12 does, however, allow a district court to apply "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules."[4] Federal Rule of Civil Procedure 41 permits the voluntary dismissal of a civil action "before the opposing party serves either an answer or a motion for summary judgment."[5] In this case, the Court has not ordered "the United States attorney to file an answer, motion or other response."[6] Accordingly, after due consideration, the Court concludes it should grant Marin's motion and enter the following orders:

---

[4] 28 U.S.C.A. § 2255 PROC. R. 12 (West 2011).

[5] FED. R. CIV. P. 41(a)(1).

[6] 28 U.S.C.A. § 2255 PROC. R. 4(b).

1. The Court **GRANTS** Movant Heriberto Marin-Hipolito's motion to dismiss his "notice of appeal to vacate sentence or resentence" [ECF No. 84].

2. The Court **DISMISSES WITHOUT PREJUDICE** Movant Heriberto Marin-Hipolito's "notice of appeal to vacate sentence or resentence" [ECF No. 79], which the Court construes as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, and civil cause EP-11-CV-0314-FM.

3. The Court **DENIES** Movant Heriberto Marin-Hipolito a certificate of appealability.[7]

4. The Court **DENIES** all pending motions, if any, as moot.

SIGNED this _19_ day of **September 2011.**

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* § 2255 PROC. R. 11(a)